IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE CHINEME (ANDRE OF THE CHINEME FAMILY), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-1854-X-BN |
| EDUARDO OF THE CARRANZA FAMILY, | § § § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| ANDRE CHINEME (ANDRE OF THE CHINEME FAMILY), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-1855-K-BN |
| STEVEN OF THE MEYER FAMILY, | § § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| ANDRE CHINEME (ANDRE OF THE CHINEME FAMILY), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-1870-E-BN |
| JAMES ALTON OF THE SPANGLER FAMILY, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Andre Chineme, further identifying himself as Andre of the Chineme Family, appears to be facing at least criminal charges in Dallas County for evading arrest, *see State v. Chineme*, F2130217 (282d Dist. Ct., Dallas Cnty., Tex.), and has now filed the three above-captioned civil actions *pro se*, each against an attorney.

The respective United States district judge presiding in each case referred Chineme's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss its respective action with prejudice.

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

And a district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

Chineme's allegations qualify as clearly baseless. The operative complaint in each case (titled Statement of Claim Without Prejudice) identifies Chineme as the

owner and principal of a trust (the corpus of the trust appearing to be his person). And it seems that Chineme intends for the named defendants act to dismiss criminal charges pending against Chineme.

For example, in the complaint against Carranza, who appears to be a state prosecutor in Dallas County, Chineme alleges "Would [Carranza] kindly advise all sworn Policy Enforcers and Merchantile Agents, who unlawfully presume the Owner [Chineme], has no inherent rights and continue to force unsolicited goods and services upon our being, to cease and desist immediately. Should the causes F2130217 be discharged forthwith then no further action will ensue…." 3:21-cv-1854-X-BN, Dkt. No. 5 at 1.

Chineme's current allegations therefore "appear to be a variation of the claims, presented in courts around the country and dismissed as frivolous, that plaintiffs or petitioners may 'discharge' their debt, i.e., a conviction, sentence or other basis for detention, under the UCC or other civil statutes and treaties." *Harris v. Harris*, No. 1:17-CV-261 (TJM/ATB), 2017 WL 2640095, at *4 (N.D.N.Y. Mar. 9, 2017) (collecting cases), *rec. adopted*, 2017 WL 2633529 (N.D.N.Y. June 16, 2017); *see also id.* ("This is not the first time that an incarcerated plaintiff has somehow attempted to 'extinguish' his criminal conviction or obtain money through the use of a 'trust' or in this case 'breach of contract' or admiralty theory." (citation omitted)).

In sum, each complaint should be dismissed with prejudice as frivolous. And, insofar as Chineme may be able to formulate allegations that are not frivolous, the 14-day period for filing objections to this recommendation (explained below) affords

him an opportunity to amend his claims.

## Recommendation

The Court should dismiss its respective action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 12, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE